IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-00663-PAB-SKC

DIRC HOMES, LLC

    Plaintiff,

v.

TOWNHOMES ON CONEJOS, LLC, a Colorado limited liability company,
TWENTY ON 23RD, LLC, a Colorado limited liability company,
RISE DEVELOPMENT LLC, a Colorado limited liability company,
RICK WELLS, an individual, and
ROBERT O. CARR, an individual,

    Defendants.

## SECOND ORDER TO SHOW CAUSE

This matter is before the Court on Defendants' Response to Order to Show Cause [Docket No. 40]. The Court issued an order to show cause on May 12, 2021 because it found that the allegations in the notice of removal regarding the citizenship of plaintiff were insufficient for the Court to determine whether or not it had subject matter jurisdiction. Docket No. 38 at 2.

Plaintiff is a limited liability company. The notice of removal, filed by defendants Townhomes on Conejos, LLC ("Conejos"), Twenty on 23rd, LLC ("Twenty"), and Robert O. Carr (collectively, "Carr defendants")[1], alleged that "[t]he members of DIRC Homes,

---

[1] Defendants Rise Development, LLC ("Rise") and Rick Wells ("Wells") (collectively, "Wells defendants") also submitted a response to the order to show cause. Docket No. 39. The notice of removal was filed by the Carr defendants only because

LLC are citizens and residents of Colorado." Docket No. 1 at 2, ¶ 8. The Court found this insufficient because it was a conclusory allegation that did not identify plaintiff's members and their citizenship. Docket No. 38 at 3. In response to the order to show cause, the Carr defendants allege that plaintiff has two members, Michael Martines and Cory Palmeiro, "both of which are residents of Colorado." Docket No. 40 at 2, ¶ 8. The Carr defendants support this allegation by citing the affidavit of William C. Sandelands, counsel for the Carr defendants. *Id*. The Carr defendants' response to the order to show cause is insufficient for two reasons.

First, the Carr defendants claim only that Martines and Palmeiro are "residents" of Colorado. *Id.* Residency, however, is not synonymous with domicile, *see Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)), and only the latter is determinative of a party's citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."). Courts are to consider the "totality of the circumstances" to determine a party's domicile. *Middleton v. Stephenson*, 749 F.3d 1197, 1200-01 (10th Cir. 2014); *see also Dumas v. Warner Literary Grp., LLC*, No. 16-

---

the Wells defendants had not yet been served at that time. See Docket No. 32. The Wells defendants responded to the order to show cause "in an abundance of caution" and argue that the Court has subject matter jurisdiction due to the representations of plaintiff's counsel. See Docket No. 39 at 3. This argument fails for the same reasons given below with respect to the Carr defendants' arguments. Because the order to show cause was not directed to the Wells defendants, the Court declines to consider the Wells defendants' alternative request to issue an order to plaintiff to identify its members. See id. at 3-4.

cv-00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016) (stating that courts consider a number of factors in determining a party's citizenship, including "voter registration and voting practices"). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006) (citing *Keys Youth Servs., Inc. v. Olathe*, 248 F.3d 1267, 1272 (10th Cir. 2001)). The Carr defendants have offered no evidence regarding the domicile of Martines and Palmeiro.

Second, the materials the Carr defendants cite do not support the proposition that Martines and Palmeiro are members of plaintiff or, if so, the only two members. The Carr defendants cite the Sandelands affidavit, Docket No. 40 at 2, ¶ 8, which states that, according to plaintiff's Articles of Amendment, the two members of plaintiff are Martines and Palmeiro. Docket No. 40-1 at 2, ¶ 7. The Articles of Amendment are dated July 23, 2012 and states that the "Individuals Forming DIRC Homes, LLC" are Martines and Palmeiro. *Id.* at 11. The Articles of Amendment do not state that Martines and Palmeiro are members of plaintiff, and the Carr defendants do not show that a person forming DIRC Homes, LLC must be a member. Moreover, there is no proof that Martines and Palmeiro, assuming that they are currently members, were the only two members at the time of removal.

The affidavit also cites an email exchange where plaintiff's counsel confirms that the members of plaintiff are residents of Colorado. *Id.* at 13. As noted above, residency is not synonymous with domicile. *See Holyfield*, 490 U.S. at 48. Additionally, the email does not identify the members of plaintiff. The Court previously informed the

Carr defendants that merely alleging that plaintiff's members are citizens and residents of Colorado without identifying them is insufficient. See Docket No. 38 at 3.

The Carr defendants have thus failed to sufficiently establish the citizenship of plaintiff because the material cited provides no indication that Martines and Palmeiro are members of plaintiff or, if so, plaintiff's only members. Even if Martines and Palmeiro are plaintiff's only members, defendants have merely alleged their residency and not their domicile. Because the allegations are presently insufficient to allow the Court to determine the citizenship of plaintiff and whether the Court has jurisdiction, see *United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)), it is

**ORDERED** that, on or before **June 14, 2021**, defendants Townhomes on Conejos, LLC, Twenty on 23rd, LLC, and Robert O. Carr shall show cause why this case should not be remanded due to the Court's lack of subject matter jurisdiction.

DATED June 3, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge