IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-00663-PAB-SKC

DIRC HOMES, LLC

      Plaintiff,

v.

TOWNHOMES ON CONEJOS, LLC, a Colorado limited liability company,
TWENTY ON 23RD, LLC, a Colorado limited liability company,
RISE DEVELOPMENT LLC, a Colorado limited liability company,
RICK WELLS, an individual, and
ROBERT O. CARR, an individual,

      Defendants.

## ORDER

This matter is before the Court on Defendants' Response to Second Order to Show Cause [Docket No. 43]. The Court issued an order to show cause on May 12, 2021 because it found that the allegations in the notice of removal regarding the citizenship of plaintiff were insufficient for the Court to determine whether or not it had subject matter jurisdiction. Docket No. 38 at 2. Defendants Townhomes on Conejos, LLC ("Conejos"), Twenty on 23rd, LLC ("Twenty"), and Robert O. Carr (collectively, "Carr defendants") responded to the order to show cause. Docket No. 40. The Court issued a second order to show cause on June 3, 2021, Docket No. 41, which Carr defendants responded to. Docket No. 43.

Plaintiff is a limited liability company. The notice of removal, filed by the Carr

defendants, alleged that "[t]he members of DIRC Homes, LLC are citizens and residents of Colorado."  Docket No. 1 at 2, ¶ 8.  The Court found this insufficient because it was a conclusory allegation that did not identify plaintiff's members and their citizenship.  Docket No. 38 at 3.  In response to the order to show cause, the Carr defendants alleged that plaintiff has two members, Michael Martines and Cory Palmeiro, "both of which are residents of Colorado."  Docket No. 40 at 2, ¶ 8.  The Carr defendants support this allegation by citing the affidavit of William C. Sandelands, counsel for the Carr defendants.  *Id*.  The Court found that Carr defendants' response to the order to show cause was insufficient for two reasons: (1) Carr defendants claimed only that Martines and Palmeiro are "residents" of Colorado, but residency is not synonymous with domicile, and only domicile is determinative of a party's citizenship; and (2) the materials the Carr defendants cited did not support the proposition that Martines and Palmeiro are members of plaintiff or, if so, the only two members.  Docket No. 41 at 2-4.

In addition, the Court explained, an email exchange wherein plaintiff's counsel confirmed that plaintiff's members are residents of Colorado was inadequate to prove the necessary facts establishing the Court's subject matter jurisdiction because "merely alleging that plaintiff's members are citizens and residents of Colorado without identifying them is insufficient."  *Id.* at 4.

In response to the second order to show cause, Carr defendants assert that plaintiff is a citizen of Colorado because, in the proposed scheduling order filed by plaintiff, plaintiff admits that it is a Colorado limited liability company and that each of its members are Colorado citizens and are domiciled in Colorado.  Docket No. 43 at 1.

However, as the Court has twice already explained to Carr defendants, they must identify each member of plaintiff and allege their citizenship in order for the Court to determine the citizenship of plaintiff. *See Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) (remanding case in which party invoking the court's diversity jurisdiction did not disclose the identity and citizenship of each member of an unincorporated entity); *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company.  And because a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each 'sub-member' as well."); *Prospect Funding Holdings, LLC v. Fennell*, 2015 WL 4477120, at *2 (S.D.N.Y. July 15, 2015) (collecting New York district court decisions holding that a limited liability company must "plead facts establishing their citizenship including, . . . the identity and citizenship of their members" in order to invoke diversity jurisdiction).

"[T]he presumption is that [federal courts] lack jurisdiction unless and until a [proponent] pleads sufficient facts to establish it."  *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) (citing *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994)); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("[I]t is to be presumed that a cause lies outside this limited [federal] jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction").  The fact that plaintiff's counsel will not provide information concerning plaintiff's members is

not an equitable exception to the need for a removing party to demonstrate subject matter jurisdiction.  "While various state legislatures have decided to permit the members of LLCs to remain anonymous to the public at large, Congress has not created an exception to the requirements of diversity jurisdiction which would allow the members of LLCs to remain anonymous in federal court."  *U.S. Advisor, LLC v. Berkshire Prop. Advisors, LLC*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at *3 (D. Colo. July 10, 2009).  In *Berkshire*, the Court remanded a case to state court based on a lack of subject matter jurisdiction where "both [LLC] parties ha[d] guarded the identities of their members and, as a result, their citizenship."  *Id.*  In so doing, the Court noted that the United States Supreme Court has acknowledged that the law in this area "can validly be characterized as technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of business organization."  *Id.* (quoting *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990)).  However, the Court concluded that "the limitations that Congress has placed on federal courts' diversity-based jurisdiction require certain LLCs to decide between maintaining their members' anonymity and having their cases heard in federal court."  *Id.*   The Court cannot disregard Carr defendants' burden of identifying plaintiff's members and demonstrating each member's citizenship so as to establish plaintiff's citizenship for purposes of diversity jurisdiction.  Because Carr defendants have not met this burden, the Court finds that it does not have subject matter jurisdiction over this case.

Carr defendants alternatively ask the Court to permit them jurisdictional discovery or issue an order to show cause to plaintiff directing it to identify the members

of plaintiff and their citizenship and domicile.  Docket No. 43 at 2.  While a district court has the authority to permit discovery in order for a party to prove diversity jurisdiction, such discovery is discretionary.  *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 691 (9th Cir. 2006) (citations omitted) (where party invoking federal jurisdiction has "failed to present to the district court any pleading, evidence, or admission that establishes that it is more likely than not that jurisdiction lies," it is "well within the court's discretion to remand to state court rather than ordering jurisdictional discovery, with the knowledge that later-discovered facts may prompt a second attempt at removal").  While "refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant," *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002), "the burden of demonstrating a legal entitlement to jurisdictional discovery – and the related prejudice flowing from the discovery's denial – [is] on the party seeking the discovery."  *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1189 n.11 (10th Cir. 2010).  Carr defendants do not argue that they will be prejudiced by a refusal to grant jurisdictional discovery, *see* Docket No. 43 at 2, and the Court does not find that any prejudice will occur in denying the requested discovery.

Accordingly, the Court declines Carr defendants' request.[1]  To permit jurisdictional discovery in this case would undermine the well-established rule that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a

---

[1] Carr defendants' request fails to comply with D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response . . . [and] shall be filed as a separate document.").  This alone is a sufficient basis to deny Carr defendants' request.

threshold matter." *See Radil v. Sanborn W. Camps, Inc*., 384 F.3d 1220, 1224 (10th Cir. 2004); *cf. Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1216 (11th Cir. 2007) ("[S]hould the plaintiff request leave to conduct discovery to support its assertion that the case is properly before the court, the court would deny such a request.  In such a situation, the court would not reserve ruling on the motion to dismiss in order to allow the plaintiff to look for what the plaintiff should have had—but did not—before coming through the courthouse doors, even though the court would have the inherent power to do so.").  Because the Court is presently unable to determine plaintiff's citizenship and whether the Court has subject matter jurisdiction, it is

**ORDERED** that this case is **REMANDED** to the District Court for the City and County of Denver, Colorado, where it was originally filed as Case No. 2021CV30403.  It is further

**ORDERED** that this case is closed.

DATED June 16, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge